# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2009

Charles R. Fulbruge III
Clerk

No. 07-40605
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WILLIAM W FORD

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:06-CR-32-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

William W. Ford challenges his conviction, of being a felon in possession of a firearm, contending the Government did not present sufficient evidence showing he actually or constructively possessed the firearm.

Because, as Ford concedes, he did not renew his motion for judgment of acquittal at the close of all the evidence, he waived his objection to the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's earlier denial of his motion. *See United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001). In such a situation, "our review is limited to determining whether there was a "manifest miscarriage of justice, that is, whether the record is devoid of evidence pointing to guilt", *id.* (internal quotation marks and citations omitted), or whether "the evidence on a key element of the offense was so tenuous that a conviction would be shocking". *United States v. Thomas*, 12 F.3d 1350, 1358 (5th Cir. 1994) (quoting *United States v. Galvan*, 949 F.2d 777, 782-83 (5th Cir. 1991)). "In making this determination, the evidence, as with the regular standard for review of insufficiency of evidence claims, must be considered in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices." *Id.* at 1358-59 (internal quotation marks and citations omitted).

The Government presented circumstantial evidence that, when viewed in the light most favorable to the Government, showed: Ford had control over the vehicle in which the firearm was found; and Ford had actual possession of the firearm before it was placed in the vehicle. Accordingly, Ford has not shown that his conviction constitutes a manifest miscarriage of justice. *See United States v. Munoz*, 150 F.3d 401, 416 (5th Cir. 1998); *United States v. Fields*, 72 F.3d 1200, 1212 (5th Cir. 1996).

AFFIRMED.